*Attorney-General W. O. Smith*, for prosecution.

*W. C. Achi*, for defendant.

---

## WILLIAM WATSON et al. *vs.* DAVID WATSON.

APPEAL FROM JUDD, C. J.

HEARING, JANUARY 9, 1894.    DECISION, FEBRUARY 2, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A decree ordering a commissioner in partition to sell certain lands at public auction, remained unexecuted for several years; in the meantime, some of the owners sold their interests to an outside party. He moved the Court to have the decree executed, when several of the remaining owners filed a discontinuance of their bill for partition.

Held, that where the discontinuance would result in injury to any of the parties it is not allowable. That after decree a cause cannot be discontinued against objection.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on appeal from the decision and

decree of the Chief Justice, which gives a full statement of the case, and is as follows:

"On the 21st February, 1887, there was filed a bill for partition of certain lands in Kaneohe, Koolaupoko, Oahu, the subject of a devise by John D. Watson, the father of the plaintiffs and defendant. The plaintiffs were William, Thomas, John, Henry, Roland, George, Caroline and Emelia, and the defendant was David, the eldest son of said John D. Watson.

"A demurrer was interposed and sustained, and the bill amended, and an answer filed, and the Court, having held the parties to be joint tenants under the will of J. D. Watson, on the 31st December, 1887, a decree was filed by me ordering that the premises in question be sold at public auction and the proceeds be paid into Court for apportionment among the parties entitled, and appointing S. E. Bishop, commissioner, to divide the estate into suitable lots for such sale and to sell the same, etc. Mr. Bishop having declined to assume the duty on the 7th May, 1888, I appointed S. M. Kaaukai commissioner under the decree above mentioned with all the powers conferred upon Mr. Bishop.

"Since that date until the 22d September, 1893, so far as the record shows, nothing has been done by commissioner Kaaukai towards executing the decree. On this last mentioned date a motion was made by J. P. Mendonca that the decree be executed. Mr. Mendonca shows by affidavit and profert of the conveyances that he has purchased since the decree the interests in the estate in question of John and Henry Watson.

"On the 27th September, William, Emelia, Thomas by his assignee, George, Caroline and Roland, filed through their attorney a discontinuance of the partition suit.

"Counsel for Mendonca contends that the rights of the parties having been fixed by the decree, a discontinuance of the suit by some of the plaintiffs is not allowable. This contention is sound. When a discontinuance would result in injury to any of the parties, it is not allowable. In Estell vs.

*Franklin*, 29 N. J. L , 264, it was held that where both parties are actors and each has an interest in the verdict, the court will not grant leave to discontinue against objections. In *Sweet vs. Mitchell*, 19 Wis., 551, final judgment had gone against plaintiff and leave to plaintiff to dismiss was refused.

"In *Schmick vs. Noel*, 64 Tex., 409, the court say that the right to discontinue is only permissive and may be refused if it will operate to the prejudice of the party as to whom discontinuance is sought. Brown, J., in *Holcomb vs. Holcomb*, 23 Fed. Rep. 781, refused a discontinuance to a plaintiff.

"It is a general rule that after a decree a cause cannot be discontinued against objection. In the case before me it would be injurious to Mr. Mendonca who has succeeded to the rights of two of the Watson children, to allow a dismissal of the bill. It would put him to new litigation and costs. I therefore decline to allow the discontinuance.

"As regards the right of Mendonca to proceed with the execution of the decree on motion, I hold he has that right. ' A purchaser of the interest of one tenant in common, during the pendency of a petition for partition, becomes a privy in estate with such tenant, and will be bound by the subsequent judgment of the court concerning the partition of the commissioner.' 17 Encycl. Law, p. 719. A purchaser *pendente lite* is bound by the result of the suit.

"*Hart vs. Steedman*, 98 Mo., 452.

"*Edwards vs. Dykeman*, 95 Ind., 509.

"*Partridge vs. Luce*, 36 Me., 16.

"*Waddell vs. Waddell*, 99 Mo., 338.

"I do not think that a bill of revivor is necessary in this case. The decree has been made. The action has not abated : the decree has merely not been executed for causes unknown to me. The proper practice has been followed by the assignee of the interest of two of the parties moving, after notice, the matter on, which is substantially moving that he be substituted as a party plaintiff.

"I therefore order the commissioner, S. M. Kaaukai, to proceed to execute the decree to complete the same and

report to this Court within ninety days from the date of service of a copy of the decree and of this order upon him."

## BY THE COURT.

On the above decision being filed a decree was signed and filed accordingly.

The first point raised by the plaintiff is that a discontinuance having been filed by several of the plaintiffs it should be allowed. We are not of that opinion. On the 7th of May, 1888, the commissioner was appointed to divide and sell the estate; these parties did nothing and remained silent, until Mendonca moved the Court on the 22d September, 1893, that the decree be executed, when, on the 27th of the same month they filed their discontinuance, the decree was still in force, but had not been executed, as far as these parties were concerned : the object for which the bill had been brought had been accomplished and the matter was in the hands of the commissioner to carry out the order of the Court and make his return to the Court, not to the parties ; the proceeds of the sale would then be distributed by the Court. Mendonca must have purchased the interest he did, with the full knowledge of what had taken place; he could only purchase the interest of these parties in the final distribution, whatever it might be ; he most certainly had a right to object to the proposed discontinuance ; it could only result in injury and perhaps loss to him. Having reviewed the cases cited by the Chief Justice in his decision, we do not deem it necessary to cite any further authorities on this point.

The next point raised by plaintiffs' counsel is that under the terms of the will of J. D. Watson, the father of these parties, they only had a life interest and that Mendonca got nothing by purchasing the interest of any of the devisees. We do not feel that there is any necessity for us to discuss this point ; it was disposed of by the late Mr. Justice McCully in his decision filed March 22nd, 1887, and which is referred to in the decision now appealed from. No appeal was taken from that decision and decree ; as far as it concerns

these parties, it is final and binding on them and the point cannot now be raised.

We are of the opinion that the decision of the Chief Justice was right and the decree must be executed.

The appeal is dismissed.

*W. C. Achi*, for plaintiffs.

*Cecil Brown*, for J. P. Mendonca.