## CLAUS SPRECKELS *vs.* G. W. MACFARLANE.

### In Equity.

APPEAL FROM FIRST CIRCUIT JUDGE, FIRST CIRCUIT.

HEARING, MARCH 20, 1894.                    DECISION, MAY 9, 1894.

JUDD, C.J., BICKERTON, J., AND CIRCUIT JUDGE COOPER, SITTING
IN PLACE OF MR. JUSTICE FREAR, DISQUALIFIED.

A cause in equity had been heard and determined and a decree of sale made, and the complainant thereafter disposed of his interest in the subject matter and decree made, and the assignee came in with a sworn petition setting out the fact of such transfer and asked that he be substituted as party complainant, held, following *Watson vs. Watson,* 9 Haw. 389-92, that it was no error to grant the substitution upon such motion. A supplemental bill is not essential, the transfer of interest being voluntary and consented to by the original complainant.

OPINION OF THE COURT, BY JUDD, C.J.

The plaintiff's bill to foreclose a lien upon certain stock in the Waikapu Sugar Company, pledged by defendant as a collateral security for the payment of a promissory note, had been heard and a decree of sale made by the Court, which said decree was affirmed by this Court on appeal.

For reasons which need not appear here the sale was ordered postponed from time to time, the last date fixed for the sale being March 10th last.

On the 6th March, C. A. Spreckels filed a sworn motion for leave to appear as party plaintiff, alleging that he had acquired all the interest of Claus Spreckels (plaintiff) in this cause of action and decree existing and made in this suit, setting the suit out particularly, and prayed that he might be substituted as plaintiff in place of said Claus Spreckels, and that he might be allowed to be a bidder at the sale, &c., &c. There was also filed a consent of Claus Spreckels to the said substitution.

The Circuit Judge allowed the substitution prayed for and allowed C. A. Spreckles to bid at the sale of the stock ordered to be sold and that he might exercise all the powers granted to the plaintiff in the decrees heretofore made in the said suit. Whereupon C. A. Spreckels filed an appearance as plaintiff and named counsel (Mr. Hatch) to prosecute his suit.

An appeal was taken to this order of substitution and it is urged by defendant that complainant having sold his interest in the subject matter of the suit, his assignee cannot be allowed to be substituted for him upon a mere motion, but that a supplemental bill should be filed.

The Circuit Judge allowed the substitution asked for upon the authority of *Watson vs. Watson,* 9 Haw., 389-92 (decided February 2, 1894.) This was a bill for partition which had been heard and determined and a decree made ordering the sale, but which had not been executed. Meanwhile some of the parties plaintiff had sold their interests as joint tenants

to a third party who came in by motion after notice to all the parties, and the Court upheld his position. We see no good reason for not abiding by this decision. It is true that the Court did not have the advantage of a very full argument upon this point, but objection was made and it was considered and authorities were cited to the Court upon the point.

In the case before us every point which could be made in behalf of defendant has been made, and the case has proceeded slowly and deliberately to its close, the actual sale of the pledge only remaining, and we cannot conceive of any advantage to be gained by defendant by compelling the plaintiff to proceed by supplemental bill, unless the gaining of time is an advantage to him. Certainly no injury would result to the defendant by allowing the substitution of the assignee of the pledge to be effectuated upon motion. He would be as fully protected by *res adjudicata* in one method of procedure as in the other. We do not see any reason in equity and good conscience why he should subject the assignee of the pledge to the expense of a supplemental bill and the delay and difficulty in putting in his proofs afresh and in meeting the defendant's defense a second time.

The modern equity practice is in favor of simplicity and of more speedy and less expensive methods of procedure. In the cases cited by defendant we do not find that they meet the question whether a motion would not answer the purpose of putting before the Court the fact of transmission *pendente lite* of interest in the subject matter of a bill.

The general doctrine is that if after a suit has been instituted any circumstance occurs which, without abating the suit, occasions an alteration in the interest of any of the parties, or renders it necessary that new parties should be brought before the Court, the proper method of doing it is by supplemental bill. 2 Daniel Ch., 1663.

This text writer says further, p. 1664, that an assignment or alienation *pendente lite* is not permitted to affect the right of the other parties unless the alienation disables the party

from performing the decree of the court in which case a supplemental bill is necessary to bring the assignee in. And on page 1665, " Where, however, the assignment *pendente lite,* is of an equitable interest, and not as in the case of bankruptcy by operation of law, there does not seem to be any absolute necessity for the assignee to be brought before the court, nor does it seem to be material whether the assignee is a plaintiff or defendant to the bill. In such a case, however, (unless the alienee can be protected by the ordinary course of petitioning for an order that the alienor may not take the fund he is entitled to in the suit out of court, without notice to him,) he, the alienee, may make himself a party by supplemental bill." It would appear from this and subsequent citations from this author that the court could direct a simple order on petition that the alienee attend the Master under a decree. In *Sedgwick vs. Cleveland,* 7 Paige, 287, cited by defendant's counsel, the complainant had made an assignment of his interest to a receiver under an order made in another cause, and the chancellor held that the complainant could not proceed until his assignee was made a party by a supplemental bill, and if the defendant wishes in such case to have the suit proceeded with, he should apply to the court for an order that the assignee file a supplemental bill. Here the transfer was not voluntary, and the court held that as it was considered to be by operation of law, the receiver should file a bill in his own name to continue the proceedings for the benefit of the trust he was invested with.

A fair inference from this case would be that where the transfer was voluntary, as in this case, a supplemental bill would not be necessary.

It is urged upon us by defendant's counsel that a motion can only be made by a party to the cause. This is the general rule. But in *Callender vs. R. R.,* 11 Ohio St., 520, the court says that " the right of making and being heard on his motion has been very properly extended by courts to those having an interest in the subject matter though not parties. This, in actions of replevin, attachment, and in cases

of distribution of money, it has been the practice to entertain and hear motions made by persons in interest, though strangers to the record. And this office of a motion and its extent as thus established by usage in courts, is clearly recognized by the Civil Code of Procedure." We see that the usage was considered to be established before the statute was made. This case is one of those upon which the following text in 15 Encycl. of Law, p. 891, is founded—"A motion may be made by any party to the record, and this right of making and being heard on their motion has been extended by the courts to those having an interest in the subject matter, though not parties."

But in the case before us there was more than a mere motion. It contained allegations of fact and was in the form of a petition and was sworn to, and the other party was served with a notice of it. We think that it fully served the purpose of a supplemental bill, and would bind the assignee by its result.

The conclusion we have reached is that at the stage in which this case was, it was proper to procure the substitution of C. A. Spreckels for Claus Spreckels in the manner and form as it was done, and we find no good reason for departing from the decision in *Watson vs. Watson.*

The appeal is therefore dismissed.

*F. M. Hatch*, for plaintiff.

*A. S. Hartwell* and *C. W. Ashford*, for defendant.