## UNITED STATES v. MERRIAM.

(Circuit Court of Appeals, Ninth Circuit.  April 7, 1908.)

### No. 1,407.

1. EMINENT DOMAIN—WHEN TITLE VESTS.

Under the direct terms of Rev. Laws Hawaii 1905, § 506, title to property acquired by condemnation proceedings does not vest in plaintiff until judgment of condemnation has been filed and recorded in the office of the registrar of conveyances.

2. SAME.

Under Rev. Laws Hawaii 1905, § 506, requiring a judgment of condemnation to be filed and recorded before title to property, acquired by condemnation proceedings, shall vest in plaintiff; and under section 2380, making unrecorded deeds void as against subsequent purchasers without notice, where the United States condemned land, and afterwards received a deed from owners of the property, registration of both the deed and the judgment of condemnation was essential to the security of the government's title, as against subsequent purchasers.

3. SAME—PLANS AND SURVEYS—STATUTE CONSTRUED.

Act April 3, 1905 (Sess. Laws Hawaii 1905) No. 23, § 1, requires the registrar of conveyances to file, on the payment of a fee, any plan of land, if it contains the name of the owner, etc.  Section 2 prescribes what writing and mathematical markings shall appear upon a plan authorized to be filed under section 1, etc.  Section 3 prescribes the size of the cloth upon which a plan is shown, and the scale upon which it must be drawn.  Section 4 forbids the registrar to accept for record or to record any plan after the taking effect of the act.  The title reads: "An act providing for the filing of plans and surveys of lands," etc., disclosing no purpose to amend or repeal statutes requiring record of condemnation judgments or of conveyances, where maps are themselves attached to the deed as included parts of the description.  Rev. Laws Hawaii 1905, § 506, requires a judgment of condemnation to be filed and recorded before title to property, acquired by condemnation proceedings, shall vest in plaintiff.  Section 2380 makes unrecorded deeds void as against subsequent purchasers without notice.  Section 2358 requires the registrar to make literal copy of all instruments required to be recorded in his office.  Held, that Act No. 23 does not cover the subject of recording judgments in condemnation suits, that it is not a substitute for section 506, and that it does not affect the recording of conveyances wherein a description of the property conveyed is included, without reference to plats on file in the registrar's office.

4. MANDAMUS—JURISDICTION—ANCILLARY REMEDY—RECORDING INSTRUMENTS.

The duty of the registrar of conveyances in Hawaii to record a judgment of condemnation in condemnation proceedings, and a subsequent deed acquired by plaintiff from the owners to complete its title, being ministerial, an application for a writ of mandamus to compel him to perform that duty will lie as an ancillary proceeding to carry out of the objects of the main case in eminent domain and to give complete relief.

In Error to the District Court of the United States for the Territory of Hawaii.

The United States applied to the District Court of the United States, in and for the district of Hawaii, for a writ of mandamus, commanding Charles H. Merriam, defendant in error, as registrar of conveyances of the territory of Hawaii, to receive for record and to record certain instruments.  The petition alleges that on February 11, 1905, the United States instituted, in the District Court of the United States for Hawaii, a certain action against J. W. Kawai and his wife, and against the estate of Henry Waterhouse, de-

ceased, Ida Waterhouse, widow of said Henry Waterhouse, deceased, Eleanor Wood, daughter of said Henry Waterhouse, deceased, and her husband, Arthur B. Wood, against Mary Corbett, daughter of said Henry Waterhouse, deceased, and David ·Corbett, her husband, and Albert, son of said Henry Waterhouse, deceased, and Gretchen, the wife of Albert. It is alleged in the petition that the action referred to was brought by the United States against the defendant for the purpose of having certain real estate, situated in the territory of Hawaii, and alleged to be the property of the defendants in that action, condemned for public uses, and that such proceedings were had that, on the 14th of July, 1905, a judgment of condemnation was duly and regularly entered, whereby, and by virtue whereof, certain real estate, situated on the island of Oahu, in Hawaii, was condemned to the public use of the United States, and the title thereto was decreed to be in the United States; that thereafter, on the 21st of July, 1905, the estate of Henry Waterhouse, deceased, the executors of the last will and of the estate of Henry Waterhouse, deceased, the widow and daughters of the said deceased, and the other persons, except Kawai and wife, named as defendants in the above referred to action, in order to complete the title of the United States to the said real estate, made and delivered unto the United States a deed, conveying to the United States all their right, title, and interest to the said property; that the said deed was acknowledged, by the parties executing the same, before officers authorized to take acknowledgments, and that the acknowledgments were in the form prescribed by the laws of the territory of Hawaii. It is alleged that Merriam, as registrar, was required, under the law, to receive for record and to record all instruments relative to the title of real estate within the territory of Hawaii, provided such instruments should be executed and acknowledged in the manner prescribed by the laws of the territory; that thereafter, on August 1, 1905, the United States, through its agents, offered to the said Merriam, as registrar of conveyances, for record a copy of said judgment so recovered, as aforesaid, and did likewise offer for record the said deed of conveyance hereinbefore referred to, and tendered to the defendant and the respondent the fees for such recording required by the laws to be paid. It is alleged that the respondent, as registrar, refused to receive the said instruments, or either of them, for record, and refused to record the same; that his action in refusing to receive or record the said instruments is contrary to law, and that petitioner is without remedy, except by writ of mandamus.

The court made an order that the registrar receive for record and record certified copies of the judgment and deed, or show cause why he should not do so. The registrar of conveyances, by plea, objected to the jurisdiction of the court, upon the ground that the writ issued was an original writ, and not necessary or ancillary to the exercise by the court of its jurisdiction. The plea to the jurisdiction was allowed as to the Waterhouse deed, but overruled as to the judgment of condemnation. Thereafter a demurrer to the petition was overruled, and the respondent filed an answer. He admitted that the condemnation suit and entry of judgment had been instituted and made as alleged, made no reference to the allegations concerning the execution of the Waterhouse deed of July 21st, admitted that it was the official duty of the registrar to receive and record all instruments entitled to record under the laws of Hawaii, admitted the offer of the United States for record of a duly certified copy of the condemnation judgment, and the tender of fees, but denied that the United States had, in every respect, complied with the laws of the territory required of persons presenting instruments for record. The registrar then set up that, by virtue of the laws of the territory of Hawaii, as contained in Act No. 23, Sess. Laws 1905, duly approved April 3d, being an act entitled "An act providing for the filing of plans and surveys of land in the office of the registrar of conveyances," it was provided as follows:

"Section 1. The registrar of conveyances shall, on application, accept and file in the archives of his office, on the payment of a fee of one dollar, any plan of land, but such plan must contain the name of the owner of the land and his address, the maker's name and address, the surveyor's name and address, date of survey, scale, the meridian line, areas, name of ili or ahupuaa, district and island, the true bearings and lengths of principal lines, the names

of all known adjoining owners, and such data concerning the original title of the land platted as may be known. It shall be necessary that one or more monuments shall be placed on the land, which shall, if possible, connect with the government triangulation system. All such monuments shall be placed as indicated on the plan.

"Sec. 2. A description of the land platted shall be written upon said plan, and all outside corners of said tract shall be substantially marked by monuments on the ground, where practicable; provided, however, that in all cases where tracts of land are subdivided into lots, with the intention of conveying said separate lots by lot number and reference to such plat, it shall be necessary to show the true bearings and lengths of a sufficient number of principal lines, and a sufficient number of monuments shall be located on the ground so as to accurately identify each lot.

"Sec. 3. All such plans must be on tracing cloth of a size not greater than 36 by 42 inches, and the scale thereof must be some one of the following, viz: 10 feet, 20 feet, 30 feet, 50 feet, 100 feet, 200 feet, 500 feet, 1,000 feet or 5,000 feet to an inch.

"Sec. 4. It shall be unlawful for the registrar of conveyances to accept for record and record any plan of land after this act takes effect.

"Sec. 5. This act shall take effect from and after the date of its approval."

The registrar pleaded that the certified copy of the judgment recovered in the condemnation proceedings, offered to him as registrar for record, contained and had as a part thereof, and attached thereto, and made a part thereof, a certain plan, drawing, and blue print, purporting to be a drawing of the boundaries of the land, subject to the said condemnation proceedings, as alleged in the petition; that the said plan, drawing, and blue print did not contain the name of the owner of the land, or the name of the ili or ahupuaa, or the true bearing and lengths of principal lands, or the names of all known adjoining owners, or such data concerning the original title of the lands platted, as might be known, or a description of the land platted written thereon, nor was such plan on tracing cloth of a size not greater than 36 by 42 inches. The registrar then alleged that it was not his duty to receive for record, or even for filing, the said plan, as hereinbefore described, inasmuch as the laws of the territory of Hawaii made the receipt of such plan unlawful; and that the plan, drawing, and blue print referred to, attached and made a part of the judgment referred to, was an inseparable part thereof.

Hearing was had, and the petition for a writ of mandamus was denied. Writ of error was thereafter sued out.

R. W. Breckons, U. S. Atty., J. J. Dunne, Asst. U. S. Atty., and Robt. T. Devlin, for plaintiff in error.

E. C. Peters, M. F. Prosser, and William F. Fleming, for defendant in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

HUNT, District Judge (after stating the facts as above). The opinion of the lower court shows that the question there presented was whether the government had a vested right to conduct the condemnation proceedings in eminent domain, which were initiated before April 3, 1905, to final determination, and to register the judgment in the same manner as if the act of April 3, 1905, had never beeen passed. It was thus accepted, apparently, as a correct premise that the new law forbade the record of any map; and, after proceeding to discuss the question whether Act No. 23 merely related to procedure or destroyed a vested right, it was concluded by the learned judge that the United States had no vested right of registration, and was therefore restricted to the record of the order of condemnation in words and figures only.

But as the case is presented to us, we will go behind the assumed premise, and ascertain the scope and meaning of Act No. 23, as applied to maps and plans attached to and made integral parts of judgments and conveyances.

Under the eminent domain statutes of Hawaii an action is commenced by filing a petition and issuing a summons thereon. The petition must contain, among other information, a description of each and every piece of land sought to be condemned, and must be accompanied by a map, which shall correctly delineate the land sought to be condemned and its location. The statute, after prescribing how and what notice must be given, and when judgments must be paid, also provides as follows:

"Sec. 506. Final order of condemnation. When all payments required by the final judgment have been made, the court shall make final order of condemnation, which must describe the property condemned and the purposes of such condemnation, a certified copy of which must be filed and recorded in the office of the registrar of conveyances; and thereupon the property described shall vest in the plaintiff." Rev. Laws Hawaii 1905.

The direct language of this provision makes it plain that the judgment must be filed and recorded before the property vests in the plaintiff. By the use of the adverb "thereupon" the law fixes the time when title shall vest; that is, when the act of filing and recording the certified copy of the judgment is done, and not until then. Spangler v. Sanborn, 7 Colo. App. 102, 43 Pac. 905. The reason for requiring such registry must also lie in the general rule that the judgment, unless filed and recorded, would not create a lien upon the realty involved, or conclude any who were not parties to the condemnation proceedings. Lindsey v. Kainana, 4 Haw. 165; Baker v. Morton, 79 U. S. 150, 20 L. Ed. 262.

Further suggestions might be made, such, for instance, as possible consequences between the grantee and an innocent third person, why protection to title demands that a judgment in condemnation, as well as a deed for realty, should be put upon the public records; but it is unnecessary to advance them, for, in the territory of Hawaii, the policy of registration of deeds is expressed by statute, which prescribes that all deeds must be recorded, or they will be void as against subsequent purchasers without notice. Rev. Laws Hawaii 1905, § 2380. Viewed, therefore, from the standpoint of obedience to literal statutory mandate, and considering, as well, the objects underlying recording statutes generally, recording of the judgment was essential to that fixed right of present or future enjoyment which obviously the United States desired, while registration of both deed and judgment was essential to make the government secure in title as against subsequent purchasers.

In construing Act No. 23 we find that its scope is narrower than the court below held it to be. We do not think that the several provisions of the statute indicate that the subject of recording judgments in condemnation suits was covered by its terms, or that the Legislature intended the act to be a substitute for section 506 of the Revised Laws of Hawaii of 1905, or that it affects the recording of conveyances

wherein a description of the property conveyed is included without reference to plats on file in the registrar's office.

By the filing of plans of land, referred to in section 1, is meant surveyors' maps, or other plats or plans prepared by draftsmen, which may appropriately be made parts of the archives, and to which reference may be made in conveyances, but which have no relation to independent descriptions of property shown on maps inserted in instruments of conveyance or judgments in condemnation.

Section 2 of the act deals primarily with the subject of what writings and mathematical markings must appear upon a plan authorized to be filed under section 1, and expressly recognizes that conveyances may be made in cases where property is subdivided into lots, with reference to a plan or map filed with the registrar. It is, of course, a common practice to transfer property by incorporating in the body of the instrument a mere general description of the lot by number and block, followed by reference to the particular marking and showing upon a plat or map as on file in the office of the registrar of conveyances of the county or locality in which the property is situated. This method presupposes that there is on file, as part of the archives, a plat of the land referred to, made as the statute may point out, and which, by such reference, becomes part of the description in the conveyance. But Act No. 23, while it may affect registration of judgments and deeds which merely refer for description to plats or plans on file, in that it makes it unlawful to receive plats not conforming to the specific provisions of sections 1, 2, and 3 of the statute, cannot be extended to prevent the record of deeds or judgments in condemnation which are not offered for filing and record as plans of land, and do not attempt to transfer by lot number and reference to plats on file with the registrar, but do convey by independent descriptions, parts of which descriptions are maps or plats attached to and included in the orders or instruments of conveyance.

Section 3 of the act prescribes the size of the cloth upon which a plan is shown, and fixes the scale upon which it must be drawn. It has nothing to do with conveyances, and, so far as it aids us at all in gathering the meaning of the whole act, it confirms the view that only such plans as have been enumerated in the preceding sections are included.

Section 4, in forbidding the registrar to accept for record and to record any plan of land after Act No. 23 became effective, must be construed with relation to the context, which has to do exclusively with plans and surveys of property filed as such, and does not control the record of deeds of property or judgments in condemnation where, as before stated, maps are attached and made integral parts of special description, but which are not brought into the body of the instrument by reference to plans or maps on file in the office of the registrar.

Again, section 2358 of the territorial law of conveyances (Rev. Laws Hawaii 1905) makes it the duty of the registrar to make an entire literal copy of all instruments required to be recorded in his office. In our opinion, whatever may be the indispensable requisites to registration of conveyances, where reference is made to plats on file, special descriptions, made parts of instruments and complete without such references, must

be recorded as parts of the instruments, just as the registrar was obliged to record them prior to the enactment of Act No. 23. Jefferies v. East Omaha Land Co., 134 U. S. 178, 10 Sup. Ct. 518, 33 L. Ed. 872; Morgan et al. v. Moore, 69 Mass. 319; Hutchcraft v. Lutwig et al., 13 Wash. 240, 43 Pac. 29; Davis v. Rainsford, 17 Mass. 207; Warville on Abstracts, p. 161; Lunt v. Holland, 14 Mass. 149.

We perceive no repugnancy between the general laws of the territory, relating to conveyances, and Act No. 23, affecting the questions involved in this case. Giving all possible weight to the argument of the defendant in error, it carries us no farther than to a point where we may admit that the case presents difficulty in finding out just what the Legislature meant by Act No. 23, when considered with other statutes bearing upon titles and transfer of property. An aid in the solution of such a difficulty, however, lies, not only in the analysis of the statutes just hereinbefore made, but by resort to the title to Act No. 23, which reads:

"An act providing for the filing of plans and surveys of lands in the office of the registrar of conveyances."

In United States v. Fisher, 2 Cranch, 358, 2 L. Ed. 304, Chief Justice Marshall said:

"Neither party contends that the title to an act can control plain words in the body of the statute; and neither denies that, taken with other parts, it may assist in removing ambiguities. Where the intent is plain, nothing is left to construction. Where the mind labors to discover the design of the Legislature, it seizes everything from which aid can be derived; and in such case the title claims a degree of notice, and will have its due share of consideration."

It is significant that nowhere in the title is there a word which discloses that the purpose of Act No. 23 was to amend or repeal the statutes requiring record of condemnation judgments, or record of conveyances of property, where maps are themselves attached to the deed as included parts of the descriptions of the realty. We cannot extend the statute by construction or imply a repeal.

Defendant in error is a public officer; and, as his duty to record is ministerial, he is obliged to perform it. The procedure by application for writ of mandamus may be treated as one made necessary in order to carry out the objects of the main case in eminent domain, and to give complete relief. In this sense it is ancillary, and jurisdiction obtains. Roberts, Treasurer, v. United States, 176 U. S. 221, 20 Sup. Ct. 376, 44 L. Ed. 443.

This disposes of the material questions raised by the pleadings. The judgment of the District Court is reversed, and the cause is remanded, with directions to issue the writ as prayed for.