## August Budnik, Defendant in Error, v. Metropolitan Life Insurance Company, Plaintiff in Error.

### Gen. No. 16,681.

INSURANCE—*reinstatement of policy.* Where a life insurance policy has lapsed for nonpayment of premium and an application for revival is made to an agent, subject to acceptance by the company, the requisite premium being paid, and the company's examining physician delays the examination several days, the right of the company to insist on the forfeiture is not thereby ·waived, and there exists no contract of insurance until the new proposal is accepted by the company and the minds of the parties meet.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed January 27, 1913.

HOYNE, O'CONNOR, HOYNE & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error; ERNEST A. LINDERHOLM, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought

suit against the defendant, here the plaintiff in error, on a life insurance policy, No. 1077933C., issued by the defendant to Frances Budnik payable to the plaintiff, her father, as beneficiary, and recovered judgment thereon for the sum of five hundred dollars.

The policy was dated October 2nd, 1907, and thereunder the insured agreed to pay therefor a quarterly premium of $5.69. The premium due and payable April 2nd, 1909, was not paid, and after a grace of 31 days to pay same the policy lapsed. On June 25th, 1909, the insured made a written application to the defendant in part as follows: "Application to the Metropolitan Life Insurance Company is hereby made for the restoration of Policy No. 1077933C., which policy lapsed for the non-payment of Premium due April 2, '09, and to induce said Company to restore the same, it is hereby declared that;" then follows statements of the insured as to her residence, good health, sober and temperate habits, etc. The application was signed by the insured and witnessed by the defendant's agent, to whom the insured's mother paid the quarterly dues of $5.69 payable April 2, 1909, who gave her the following receipt, No. 130:

"No. 130      E. Hermann,
                    Chicago, North, Ill.

Form C169
PROVISIONAL RECEIPT.      Nov.1907

I acknowledge to have received as the agent of Francis Budnick the former insured under Policy No. 1077933C in the Metropolitan Life Insurance Co., ($5.69) Five 69/100 Dollars, as a deposit, said deposit to be applied to the payment of premium due on said Policy Apr. 2, 1909, for the non-payment of which at due date this Policy was lapsed, provided that the Metropolitan. Life Insurance Company at its Home Office approves the application for the restoration of said Policy submitted this day. If so approved I agree to pay to the Company the said money and to deliver to the said former insured the regular Home Office receipt in exchange for this receipt; if not so approved I agree to return said deposit to the person making it.

It is understood that no obligation under said Policy is assumed until the application for restoration has been approved.

ED. HERMANN.

Date June 25, 1909.

If within 30 days you do not receive the official Home Office receipt or your money back, notify nearest Branch Office.''

On July 7th the insured's mother paid to the defendant's agent $5.69, the premium due July 2nd, and received therefor the following receipt:

''Received from Miss F. Budnick $5.69 Dollars on account of Application about to be made for insurance in the Metropolitan Life Insurance Company. Said amount is to be applied on account of the Policy, if one be issued by said Company, or to be returned to applicant if the Company shall decline the Application. No insurance is in force upon the application unless and until a Receipt be issued thereon and delivered in accordance with its terms.

Revival Receipt.   V. Waclewski.

July 7, 1909.

District Chicago N.''

She also paid at this time the sum of one dollar for physician's examination fee. The physician called to examine the insured on July 16th, but she was not at home. He again called July 20th, but she had died that day, after an illness of three days. The said payments to the defendant's agents were turned in to the defendant company's office and by the defendant returned to Mrs. Budnik July 31st. It was the rule of the defendant that all premiums in arrears must be paid before passing upon an application for revival of a lapsed policy.

The defendant insists that the policy had lapsed and there was no liability thereunder. We think that this record clearly shows that the said policy had lapsed, and further that the parties thereto so treated and so considered the same. The plaintiff, however, says that the only question here presented in the case is:

"Did the company by its conduct waive its right to insist on a forfeiture?" It is argued that the insured was in good health and had the physician called as he should, without so long a delay, the company would have approved the application and the insurance would have been in force; but the unreasonable delay in making a medical examination and passing upon the application after the collection of the premiums and turning them over to the company was a waiver of its right to insist upon a forfeiture, and therefore the policy was in force on the death of the insured. The answer to this argument is the fact that the policy had been forfeited and it was so accepted and understood by the parties thereto. The application and payments were made for the purpose of securing a restoration of the policy. In other words, it was sought by the insured in making the application and payments, that an agreement be made whereby the said forfeiture would be considered void and the policy restored and again in force. Until that proposal was in some manner accepted, we cannot see how there existed under the circumstances a contract of insurance. Even if it be assumed that the defendant waited an unreasonable time in acting on the said application, that can not here be held to have established a contract of insurance. In Heiman v. Phoenix Mut. Life Ins. Co., 17 Minn. 127, the court say: "The application for insurance is a mere proposal on the part of the applicant when the insurer signifies his acceptance of it to the proposer, and not before, the minds of the parties meet and the contract is made. Taylor v. Merch. F. Ins. Co., 9 Haw. 390; Flanders, Ins. 109." To the same effect are Insurance Co. v. Johnson, 23 Pa. St. 72; Brink v. Merchants' & F. U. Mut. Ins. Ass'n, 17 S. D. 235; and Fidelity Mut. Life Ins. Co. v. Price, 117 Ky. 25.

The said policy on which the suit was brought and a recovery had not being in force at the time of the insured's death, there was no liability thereon and the judgment is therefore reversed.

*Reversed.*