[No. 12823.   In Bank. — December 22, 1890.]

## F. A. DRINKHOUSE, APPELLANT, *v.* SPRING VALLEY WATER WORKS,. RESPONDENT.

EMINENT DOMAIN — CONDEMNATION PROCEEDINGS — LIS PENDENS — LEASE AFTER SUIT BROUGHT — PARTIES — RES ADJUDICATA. — Under section 1246 of the Code of Civil Procedure, one claiming an interest in land under a written lease executed pending an action to condemn the land is authorized to appear, plead, and defend his interest, though not named as a party to the proceedings; and where he fails to do so after he has notice of the proceeding, he is estopped by the judgment from claiming anything by virtue of his written lease, entered into subsequent to the filing of the *lis pendens.*

ID. — ACTION TO ENJOIN TAKING — EVIDENCE. — Such lessee cannot maintain an action to enjoin the taking of the property condemned pursuant to the judgment; and the judgment roll in the condemnation proceedings, and the notice of *lis pendens,* are admissible evidence against him in bar of such action.

FINDINGS — ALLEGATIONS NOT DENIED. — Where some of the material allegations of the complaint are not denied, it is not necessary to find in relation to them.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ben Morgan,* and *A. Ruef,* for Appellant.

*Kellogg & King,* and *William F. Herrin,* for Respondent.

Plaintiff might have appeared in the condemnation proceedings. (Code Civ. Proc., sec. 1246.) Plaintiff ought to have set up his claim, if he had any, and that which ought to have been done must be regarded as done. (Code Civ. Proc., sec. 3529.) The *lis pendens* was constructive notice of the proceeding. (Code Civ. Proc., secs. 409, 1256; *Roach* v. *Riverside Water Co.,* 74 Cal. 263.) Actual notice was confessed by plaintiff.

PATERSON, J.—This action was commenced on July 29, 1887, to enjoin the defendant from building a dam across San Mateo Creek. Plaintiff alleged that on January 1, 1887, Mary Drinkhouse, the owner of the premises, leased them to him for the period of one year, with the privilege of five years from the expiration thereof; that he went into possession, and on the nineteenth day of April, 1887, a written lease was entered into, by the terms of which he was to have the possession and use of the property for the term of five years from said nineteenth day of April; that defendant was constructing a dam below said premises, which, when completed, would throw water back upon them and permanently deprive him of the use thereof.

The court found that the verbal lease, made as alleged by plaintiff, was by mutual consent canceled on April 19, 1887, and the written lease entered into as alleged, but that no change was made in the possession or use of the property; that said Mary Drinkhouse is the mother

of plaintiff, and continued to occupy and use the prem-
ises, and he continued to live with her, as he had there-
tofore done from his birth; that on February 28, 1887,
and while said Mary Drinkhouse was the owner of a tract
of land including the premises described in the com-
plaint, defendant herein commenced an action against
her and J. A. Drinkhouse, her husband, for the condem-
nation of said tract of land to public use, and duly filed
in the recorder's office a notice of the pendency thereof,
and that a decree in its favor was entered July 27, 1888;
that during the trial of said action, plaintiff herein was
present as a witness and acting on behalf of the defend-
ants therein, but never until after the entry of the decree
therein made any claim to any interest in the property.

We think that the evidence supports these findings,
and that the conclusions of law drawn by the court below
are warranted by the facts found.   The plaintiff lived in
San Francisco with his parents, and testified that he
lived " six days of the week in San Francisco, and one
day in San Mateo"; that he never fitted up the place
as a lodging-house, but put in a few tables, chairs, and
blankets; that he had no servants or employees there,
and that the foreman, who had been in the employ of
his mother, continued to live in the building.   He ad-
mits that when he entered into the written lease he knew
that a suit was pending in which the water company was
seeking to condemn the land.   His verbal lease for one
year was canceled six weeks before the condemnation
suit was commenced.   He knew that such a suit was
pending, — was in fact an active participant on behalf of
his parents against the claim of the company.

Under section 1246 of the Code of Civil Procedure, the
plaintiff herein was authorized, though not named as a
party to the condemnation proceedings, to appear, plead,
and defend his interest as a lessee, if any such he held,
" in like manner as if named in the complaint," and
having failed to do so, although he had notice of the

proceeding,—assuming that he was a lessee in good faith, which the court evidently did not believe, — he is now estopped, by the judgment in that proceeding, from claiming anything by virtue of his written lease, entered into subsequent to the filing of the *lis pendens.* (*Roach* v. *Riverside Water Co.,* 74 Cal. 263; Civ. Code, sec. 3529; *Miller* v. *White,* 80 Ill. 580; Wells on Res Adjudicata and Stare Decisis, sec. 32.)

The court did not err in its ruling against the objections of plaintiff to the admission of the judgment roll and *lis pendens.*

The court found on all the material issues. Some of the material allegations of the complaint were not denied. It was not necessary, therefore, to find in relation to them.

Judgment and order affirmed.

SHARPSTEIN, J., McFARLAND, J., THORNTON, J., and BEATTY, C. J., concurred.