## JOSEPH FLORES, JR., MARIA BENTO and JOE BENTO *v.* J. MAKA.

### Appeal from Circuit Court, Fourth Circuit.

### Submitted September 19, 1898. Decided September 30, 1898.

### Judd, C.J., and Whiting, J.

An action to quiet title under Chapter 18, Session Laws of 1890, (Civil Laws, p. 666), is an action at law, and a judgment at law should be entered up when the case is decided. A decree in equity in such action is error and the case is remanded to the Circuit Court to revoke and annul the decree entered, and to enter a judgment on the decision rendered.

#### OPINION OF THE COURT, BY WHITING, J.

The plaintiffs claimed fee simple title in one undivided quarter of a piece of land in Hilo, Hawaii. The defendant also claimed an interest in the same. Plaintiff brought his action to quiet title under the statute, filing his complaint on which summons issued returnable at a term of the Circuit Court of the Fourth Judicial Circuit, and instead of a judgment, a decree in equity was made in his favor, from which the defendant appeals to this court.

At the hearing before this Court, defendant made no argument, filled no brief and pointed out no errors, but simply submitted the case to the action of the court. Under these circumstances, we should not feel called upon to seek for errors which the appellant has failed to find or point out. Even defendant's counsel admitted that defendant had no standing on the merits. In effect it is a confession of no error, and accordingly the appeal should be dismissed. However, there is an error in the procedure which should not remain on our records without correction.

The action to quiet title is properly brought in the Circuit Court and is a term case, being one for a jury unless the jury be waived. The hearing of the action was had at chambers, the presumption being that the jury was waived, although it does not so appear of record. The Judge who heard the case found for the plaintiff, and instead of entering up judgment as in an action at law, a decree in equity is made in substance as follows, after entitling the case—"in equity at chambers,"—"decree quieting title,"—and after adjudging the plaintiffs to be the legal owners of the land described, the court proceeds:

"It is further ordered adjudged and decreed that one certain deed bearing date June 3rd, 1892, and recorded in Volume 135 at page 499 in the Registrar's Office in Honolulu and made and executed by Kekuko (w), surviving mother of Ainaike (w) to the defendant J. Maka for the above described premises is void for the reason that the said Kekuko had previously joined in a deed of the same premises to the plaintiff herein and which said deed was of record at the date upon which she executed the deed above described to defendant herein that the above deed by Kekuko (w) to the defendant is a cloud upon plaintiff's title. It is therefore further ordered, adjudged and decreed that the said deed from Kekuko (w) to J. Maka for said premises bearing date June 3rd, 1892, and recorded in the office of the Registrar of Conveyances at Honolulu, Oahu, in Volume 135 at page 499 thereof, be and the same is hereby cancelled, set aside and held for naught. That the defendant J. Maka and any and all persons claiming by, through or under him are hereby perpetually

33

enjoined and estopped from claiming or setting up any claim or claims to the premises herein described, or any part thereof."

As this action is statutory (Chap. 18, Laws of 1890, Civil Laws p. 666), and also is an action at law (see Kahoiwai v. Limaeu, 10 Haw. 507), returnable and triable at a term by the court, or by the judge, jury waived, the court had no jurisdiction to invoke the powers of equity and enter up a decree in equity, but should have entered up a judgment at law for the plaintiff. The decree entered herein was not within the jurisdiction or powers of the court and should be set aside. On the proofs and merits of the case, the plaintiffs' title is proved to be good as against defendant's title, and they are entitled to a judgment in their favor.

It is therefore ordered by this Court that the decree of the Circuit Judge be set aside and the case remanded to the Circuit Court of the Fourth Judicial Circuit, which court is directed to order the decree to be set aside of record and that judgment be entered up for the plaintiffs.

*G. K. Wilder, W. S. Wise* and *F. M. Wakefield* for plaintiffs.
*G. F. Little* and *C. A. Galbraith* for defendant.