JANE MERCER *v.* GEORGE R. F. KIRKPATRICK, KEN-
NETH A. McLEOD, GEORGE HAWKINS, NESTA
DAVIS MERCER FRANKS, GEORGE F. STRAUB
(AS GUARDIAN OF THE PERSONS OF HERBERT
EARLE MERCER, JOHN FREDERICK MERCER
AND DOROTHY MARION MERCER, MINORS),
HERBERT EARLE MERCER, JOHN FREDERICK
MERCER AND DOROTHY MARION MERCER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. W. L. WHITNEY, JUDGE.

ARGUED JUNE 14, 1915.                    DECIDED JULY 1, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

WILLS—*omissions—supplying words.*

 Where, in a will, there is an entire absence of designation of
the object of an intended gift the attempt to make the gift must
be held to have failed. Words omitted by the testator may be
supplied by the court only when it is clear from the words used
what words have been omitted.

SAME—*intention of testator—evidence of surrounding circumstances.*

 Where a will contains a latent ambiguity, or its language is
uncertain and indefinite, extrinsic evidence is admissible to show
the facts and circumstances that surrounded the testator at the
time he executed his will so as to assist the court in ascertaining
his intention. But where the testator has omitted to designate,
expressly or impliedly, the object of an intended gift, the omis-
sion may not be supplied upon extrinsic evidence of intention.

SAME—*extrinsic evidence—declarations of testator.*

 Evidence of declarations made by a testator as to the intent of
his will is not admissible to supply an omission consisting in the
entire failure to designate the object of an intended gift.

QUIETING TITLE—*statutory action—litigating title between defendants.*

 Whether in an action to quiet title to land under Ch. 153, R. L.
1915, when the plaintiff has failed to show title, the defendants
may litigate a disputed title between themselves, *quaere.*

OPINION OF THE COURT BY ROBERTSON, C.J.

 This is an action brought under the statute (Ch. 153, R. L.
1915) to quiet the title to certain land situate at Kapahulu,

city and county of Honolulu. The several parties to the action claim title in fee simple under the will of John Byron Mercer, who died in Honolulu on December 18, 1913, the premises in dispute being his home at the time of his death.

The will in question was made at Edmonton, Alberta, Canada, on September 9, 1912, while the testator was on a visit to that city, his former place of residence. The controversy has grown out of the uncertainty involved in the second paragraph of the will. The material portions of the will in the order in which they appear in what is certified to be a *fac simile* copy of the original are as follows:

"I give, devise and bequeath all my real and personal estate which I may die possessed of or interested in, in the manner following that is to say: I give and bequeath to my wife Jane Mercer, all articles of personal, domestic or household use or ornament, including all my furniture, furnishings, fixtures, books, pictures, provisions, plate and all other household effects which at the time of my death shall be in, about or belonging to the house in which I shall be residing at the time of my decease;

"I give and bequeath all of those certain lots or parcels of land situate lying and being at Kapahulu" etc., describing at length the premises in dispute, but not naming or describing the object of the gift.

"I give all my real and personal property whatsoever and wheresoever situate, and not hereby otherwise disposed of, unto my trustees," upon certain trusts, after payment of debts, in favor of the testator's wife and children.

The trustees named in the will are residents of the city of Edmonton. The testator left surviving him his widow, the plaintiff, three children by a former marriage, and two children by the present widow, who are defendants herein. The defendants, in two sets, filed answers denying the title claimed by the plaintiff, and claiming title in themselves, also cross-complaints in which they asserted title against the other defendants; the trustees claiming to take under the residuary clause, and the

children claiming to take as heirs of the decedent by reason of an intestacy as to this land. The court below held that the plaintiff did not take under the will, and sustained the claim of the trustees under the third paragraph. The case comes to this court upon the bill of exceptions of the plaintiff. As this is an action at law (*Kahoiwai* v. *Limaeu*, 10 Haw. 507; *Flores* v. *Maka*, 11 Haw. 512) and as the statute contains no provision for the filing of cross-complaints by defendants as against each other it is at least doubtful whether the circuit court, after holding that the plaintiff had shown no title, should have passed upon the cross-claims of the defendants. In a recent case (*Harrison* v. *Davis*, ante p. 465) we pointed out that in an ordinary case of this kind the plaintiff must show title before a defendant can be required to show his title. However, the point has not been argued in the present case, and, upon this bill of exceptions it will be necessary to pass only upon the plaintiff's contentions.

On behalf of the plaintiff it is contended (1) that a fair construction of the will taken as a whole, and by itself, requires that the word "her" should be implied and read into the paragraph by which the testator undertook to dispose of the premises in dispute after the words "I give and bequeath," in order to give effect to what is claimed to have been the obvious intention of the testator to give the homestead to his wife; (2) that the will read in the light of the circumstances surrounding the testator at the time of its execution discloses clearly that such was his intention; and (3) that evidence of an express declaration made by the testator of his intention to devise the premises to his wife was erroneously excluded by the trial court. In support of the first contention the presumption against partial intestacy is invoked; also the presumption that a testator intends to make ample provision for his widow; and it is pointed out that the testator stated in his will that he thereby disposed of all his real and personal estate; that the furniture and other contents of the home were given to the wife; that the wife, who, upon the death of the testator, would become the head of the family and

have charge of the minor children, would be the natural bene-
ficiary of the homestead; that there is nothing in the will to
indicate that any other person was the donee; that the will does
show that the testator did not intend to devise the home to the
trustees; and that the punctuation harmonizes with the view
contended for as the paragraph by which the personal property
was given to the wife was separated from that which described
the homestead premises by only a semicolon, the two making, it
is contended, practically one paragraph.

In dealing with wills the function of the court is to ascertain,
if possible, and give effect to, if it be not unlawful, the intent
of the testator as he has expressed it in the instrument, and, in
case of any latent ambiguity, or of uncertainty or incomplete-
ness of expression in the will, to accept the aid of evidence of
surrounding circumstances which will place the court as near
as may be in the position of the testator as of the time he made
the will. To this end also certain presumptions are indulged,
and certain canons of construction, designed to aid in discover-
ing the intention, may be made use of, and courts are authorized
to reject surplus words and to supply words obviously omitted
through ignorance or inadvertence where it is clear what words
the testator intended to have used. "Where it is evident from
the context that the testator's intention has been inaccurately or
incompletely expressed by the words used, and it is also equally
evident what words have been omitted, these words may be sup-
plied in order that the testator's intention may be given effect."
30 A. & E. Enc. L. (2d ed.) 690. "To supply missing words
where the words used do not show what they must necessarily
have been is to step over the limit of the power of the court
which is to discover the intention which the testator has
expressed by the words used by him." *Boston Safe Deposit Co.*
v. *Buffum,* 186 Mass. 242. The foregoing are elementary prin-
ciples—difficulty lies only in their application.

A will is a disposition of property to take effect on or after
the death of the owner. Such a disposition of property implies

a subject-matter of gift and an object.   By statute (R. L. 1915, Sec. 3260) a will must be in writing signed by the testator and attested by two or more witnesses.   It is necessary, therefore, to constitute a complete and valid testamentary gift that the testator shall have executed a writing containing words which expressly or by implication designate both the subject of the gift and the person to whom it is given.   Where there is an entire absence of designation of either the subject or object of an intended gift the attempt to make the gift must be held to have failed for the court cannot create a gift where the testator himself has not made one.   In the will in hand the second paragraph commences as a new and independent provision which is not so connected grammatically with the first paragraph as to permit of the implication of the pronoun "her," relating to the object of the gift contained in the first paragraph, by any conjunctive word.   Any force there might have been in the fact that the punctuation used at the end of the first paragraph was a semicolon is destroyed by the further circumstances that at the end of the paragraph next preceding the testimonium clause, where a period would have been proper, a semicolon was used, and that in other respects the testator was not consistent in his use of punctuation marks.   See *Lewisohn* v. *Henry,* 179 N. Y. 352, 363; *Reynolds* v. *Reynolds,* 43 S. E. (S. C.) 878, 881.   In so far, then, as the will taken by itself is concerned, there is an entire omission to designate, expressly or impliedly, the object of the intended gift of the property in question.   The second paragraph was intended to be complete in itself, and, but for the omission of the object, it would have been complete.   That it seems natural and probable, in view of the other provisions, that the testator intended to give the home to his wife, is not enough to require the court to undertake to supply the omission, for, after all, the testator may have intended to name one or more of the children.   Counsel concede that in no case should the court supply an omission in a will upon a mere conjecture. It is the intention which the testator has expressed in his will

Mercer v. Kirkpatrick, 22 Haw. 644.

that controls and not that which he may have had in his mind. 40 Cyc. 1389. "It is not the province of the court to conjecture what the intention of the testator would have been had the omission been called to his attention. It is the more restricted duty of ascertaining his intention by construing the words which he has used and of supplying the words which the court finds necessary to express that intention fully. It cannot supply words to give effect to an intention which he has not expressed by the words used by him." *Child* v. *Child,* 185 Mass. 376, 378. Of the cases cited in the plaintiff's brief the one which went the farthest is *Eatherly* v. *Eatherly,* 41 Tenn. 461. That was a suit in equity to reform a will, and the court held that it was authorized, under the circumstances which need not be recited here, to supply the subject-matter which the testator had omitted from one clause of the will. It was an extreme application of the rule that omitted words may be supplied where the context clearly shows what words were intended to be used. Whether or not a case comes within that rule can be decided only upon an examination of the particular will involved, and adjudicated cases are of little or no assistance in the determination as no two wills are alike. In our opinion the context of Mr. Mercer's will does not clearly show who he intended to name as devisee in the second paragraph.

The next question is whether, as the will itself does not show clearly who the intended devisee was, the evidence of the circumstances which surrounded the testator at the time he made his will, and which, it is urged, confirm the contention that he intended to name his wife as the devisee, may be availed of as a basis for supplying the omission. The fundamental obstacle in the case at bar, and like cases, is not that the testator has not made his intention clear, but that he has failed to express it. "Where the will contains a latent ambiguity, or its language is uncertain and indefinite, it is a firmly established rule that parol evidence is admissible to show the facts and circumstances that surrounded the testator at the time of the execution of the

will, such as the condition and situation of his property and family, so that the court may be placed as nearly as possible in his position, and thus arrive at his intention." 30 A. & E. Enc. L. (2d ed.) 676. But "It is well settled that omissions in a will, though due to accident or mistake, cannot be supplied by parol proof of intention." Id. 680. See also 2 Underhill on Wills, Sec. 912, and the following cases of omission of subject-matter or object in which the rule was applied. *Hunt* v. *Hort,* 3 Bro. C. C. 312, 29 Eng. Rep. 554; *Baylis* v. *Atty. Genl.* 2 Atk. 239, 26 Eng. Rep. 548; *Engelthaler* v. *Engelthaler,* 196 Ill. 230; *Everett* v. *Carr,* 59 Me. 325, 331; *Lefevre* v. *Lefevre,* 59 N. Y. 434, 441. There is no difference in principle between the supplying of the subject of the gift and of the object of the bounty. *Thompson* v. *Thompson,* 115 Mo. 56, 70. We hold, therefore, that the extrinsic evidence of the surrounding circumstances which, it may be conceded, point toward the wife as the probable devisee intended, may not be used for the purpose of supplying the omitted expression of intent.

The final question presented by the exceptions is whether the trial court erred in refusing to admit testimony (which was offered) of a declaration said to have been made by the testator to his wife immediately after he had made his will, when handing her a copy of it, that "I made my will today, and I thereby give you the home." The rule is that evidence of declarations or statements made by the testator as to the intent of his will, though admissible in cases of latent ambiguity (40 Cyc. 1435), is not admissible in cases like this. *Lurie* v. *Radnitzer,* 166 Ill. 609, 618; *Foster* v. *Smith,* 156 Mass. 379, 385; *Walton* v. *Draper,* 206 Mass. 20, 22; *Lowe* v. *Whitridge,* 105 Md. 183; *McAleer* v. *Schneider,* 2 App. Cas. (D. C.) 461, 467; *Zabriskie* v. *Huyler,* 62 N. J. E. 697, 701. "A testator's declarations of his intentions are inadmissible, though logically they would seem to be the best evidence obtainable. They are excluded, however, by reason of the statute, which requires wills to be in writing, and also of the rule that forbids the introduc-

tion of parol evidence to alter or vary written instruments." *Gould* v. *Chamberlain,* 184 Mass. 115, 121. There being no latent ambiguity, the evidence offered was properly rejected.

The exceptions are overruled.

*J. T. DeBolt* for plaintiff.

*W. F. Frear, A. M. Cristy* and *C. H. Olson* (*Frear, Prosser, Anderson & Marx* and *Holmes, Stanley & Olson* on the brief) for defendants.