## CHARLES REINHARDT *v.* COUNTY OF MAUI.

### No. 899.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

ARGUED DECEMBER 17, 1915.                    DECIDED DECEMBER 23, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE
WHITNEY, IN PLACE OF QUARLES, J., ABSENT.

COUNTIES—*liability for torts—defective highway.*

> A county in Hawaii is liable in damages for nonfeasance in failing to repair a defect in a public highway or to guard against injury therefrom resulting in personal injury to one lawfully traveling on the highway.

OPINION OF THE COURT BY ROBERTSON, C.J.

This case comes to this court upon an interlocutory bill of exceptions allowed by the circuit court to a decision overruling a general demurrer to the plaintiff's complaint.

In his complaint the plaintiff alleged that at all times mentioned therein he was a resident of Hana, County of

Maui, a political subdivision of the Territory; that the county had and has the general supervision, charge and control of all public highways, roads and streets within the county; that in the month of April, 1915, owing to heavy rains and freshets in the district of Hana a certain culvert or bridge in the "Hana-Nahiku" road, a main highway in said district, was washed away and destroyed, thereby causing and leaving an open, uncovered and dangerous trench or ditch of great depth and width over and across said highway; that said defect in the highway was not repaired or guarded but was negligently permitted by the defendant to remain in its exposed and dangerous condition until the 29th day of July, 1915; and that on the night of the last mentioned date the defendant, without knowledge of the dangerous condition of the highway, and without any fault or negligence on his part, but because there was no guard or signal to warn persons of the danger, fell into said trench or ditch and thereby received great bodily injuries for which he claimed damages from and against the county.

The contention made on behalf of the defendant in support of its demurrer is that the county is not liable for damages for personal injuries resulting from the negligent failure to repair a public highway. We do not agree with counsel for the plaintiff that this point may not be raised by demurrer. R. L. 1915, Sec. 2360.

The argument of counsel for the defendant is to the effect that under the facts alleged in the complaint no action would lie against the Territory and that a like immunity exists in favor of the counties, citing *Coffield* v. *Territory*, 13 Haw. 478. And that though counties are liable for injury to private property in the nature of a trespass caused by negligence in repairing a highway, they are not liable for injury resulting from a mere failure to

make repairs, citing *Matsumura* v. *County of Hawaii,* 19 Haw. 18 and 496.

In England it is held that though it is the duty of a county to keep its highways in repair it is not suable in damages for failure to perform the duty. 4 Dillon, Mun. Corp. (5th ed.) Sec. 1687, note. But in the United States the view was early taken, and has since been adhered to, that there is no such obligation at common law and that no action for damages caused by the neglect to repair a highway will lie against a county except by force of statute. Id. Sec. 1688; *Coffield* v. *Territory, supra.* The immunity from liability of unincorporated counties and townships—sometimes called quasi-public or quasi-municipal corporations—seems generally to have been rested upon their character, as involuntary, their duties, as governmental, and the nature of their functions as state agencies prescribed for purposes of public policy and convenience of administration. And so it has been held that such political subdivisions of the State are no more liable to civil actions for tort, as for breach of an imposed public duty, than the State itself. And the rule applies as well to cases of nonfeasance as of misfeasance. But, by the great weight of authority, municipal corporations proper are liable to an implied civil liability for damages caused to travelers for defective and unsafe streets under their control. Dillon, supra, Sec. 1690; 28 Cyc. 1341; *Barnes* v. *District of Columbia,* 91 U. S. 540, 551. In the *Matsumura* case it, therefore, became important to inquire whether the counties of this Territory should be classed as counties at common law or as municipal corporations. Mr. Justice Wilder, in his dissenting opinion, said "Counties are created for public purposes without regard to the actual wishes of their inhabitants and are in substance but agencies of the government for the purpose of aiding in

the general administration thereof. The clothing of them with a corporate form is only done so that they may better perform their duties." 19 Haw. 36. A similar view was taken by the majority of the court in the case of *Markey* v. *County of Queens,* 154 N. Y. 675. But the majority of the court in the *Matsumura case,* considering the fact that in this Territory the counties are expressly created bodies corporate and politic with power to sue and liability to be sued in the corporate name, and in view of their character and functions, said, "These differences make the extension of immunity to counties in Hawaii merely a blind adherence to nomenclature in the application of an erroneous principle." 19 Haw. 34. In 6 McQuillin, Mun. Corp. Sec. 2720, the author says, "Usually cities, villages and other incorporated municipalities, have conferred upon them extensive powers in the management of their highways, streets, bridges, alleys and sidewalks, and adequate means to keep them in a reasonably safe condition for use in the usual mode by travelers; and hence, in most States, independent of statute, they are held liable to private action for special injuries resulting from defects or obstructions in the streets or sidewalks. The liability exists regardless of the size of the municipality, and applies even though the population is only a few hundred." In the *Matsumura* case the claim was for damages for injury caused to private property by the negligence of employees of the county in making repairs to a highway, and the county was held liable. That case was followed in a similar case recently decided. *Halawa Plantation* v. *County of Hawaii,* 22 Haw. 753. There is no difference in principle between such a case and one where, as here, the alleged negligence consisted in a failure to keep the highway in a reasonably safe condition; and the liability in this Territory of counties for misfeasance, as adjudged in the two cases referred to, in

our opinion, settles also their liability for nonfeasance. Those cases are to be regarded as having established in this jurisdiction the rule that the liability of counties with respect to the repair and, therefore, the non-repair of highways is governed by the law applicable to municipal corporations, and that counties do not enjoy the immunity accorded to quasi-corporations.

Counsel for the defendant places considerable reliance upon the statement made by the court in the *Matsumura* case that "It is true that while given the power to maintain highways the duty of doing so is not specifically enjoined upon the defendant, and therefore that no action would lie for nonfeasance in failing to exercise this power." 19 Haw. 21. At the time that case was decided, as now, the counties had power "to open, construct, maintain and close up public streets, highways, roads, alleys, trails and bridges within its boundaries." S. L. 1905, Act 39, Sec. 9 (R. L. 1915, Sec. 1503). Then, however, all public highways were under "the general supervision, charge and control of the superintendent of public works" who was "charged with the execution of all duties relative thereto." R. L. 1905, Sec. 594. Subsequently to the decision of that case, namely, in 1913, the above mentioned duties were transferred from the territorial officer to the several boards of supervisors of the several political subdivisions of the Territory. S. L. 1913, Act 107 (R. L. 1915, Sec. 1881). Whereas there existed formerly a dual right or power to repair (see *H. R. T. & L. Co. v. Territory*, 21 Haw. 136, 144), the general charge of and control over public highways, subject to certain exceptions not material to this case, since the passage of the act of 1913, have been vested in the several counties. Under these circumstances the power to repair highways must be held to imply the duty to repair them. "By the great weight of authority it is held

that where municipal corporations are invested with exclusive authority and control over the streets within their corporate limits and with means for their construction, improvement and repair, a duty arises to the public from the nature of the powers granted to keep the streets in a reasonably safe condition for the ordinary use to which they are subjected and a corresponding liability exists to respond in damages to those injured by a neglect to perform the duty." 28 Cyc. 1341; *Evanston* v. *Gunn*, 99 U. S. 660, 667; *District of Columbia* v. *Woodbury*, 136 U. S. 450, 456. The fact that in this Territory the counties have no independent power of taxation, their revenues being obtained almost entirely under territorial statutes and through officers of the Territory, does not alter the situation. The supreme court in *District of Columbia* v. *Woodbury, supra,* said, "It is suggested that the District is without the means to perform the supposed neglected duty; that none of its officers can pay a judgment against it, and that no process against it could enforce payment; that even a mandamus against it to levy a tax would be futile because neither the District nor the Commissioners can levy a tax for any purpose; and that no judgment against it can be paid except by warrant upon the Treasury, pursuant to an appropriation by Congress. We do not perceive that these considerations materially affect the principle upon which the decision in the *Barnes Case* rests." 136 U. S. 456.

It may seem to be going rather far to hold the county liable for injury caused by the failure to repair a defect in a country road when, perhaps, the freshet which caused the defect may have done great damage entailing heavy expenditures for the making of repairs, but on the other hand it would seem that the county, promptly and at inconsiderable expense, might ordinarily take measures to

warn travelers of the existence of a defect in the road and to protect them from the danger of injury. At any rate, if it is deemed advisable to limit or qualify the liability of the counties in this class of cases the remedy lies with the legislature.

The only argument advanced in support of the contention that the demurrer ought to have been sustained being found untenable, the decision overruling the demurrer is sustained.

The defendant's exception is overruled.

*D. H. Case* (*E. Vincent* with him on the brief) for plaintiff.

*E. R. Bevins,* County Attorney of Maui, for defendant.

