FRANK C. BERTELMANN AND LINCOLN L. McCANDLESS *v.* MARY N. LUCAS, ET AL.

No. 1755.

ARGUED AUGUST 16, 1929.    DECIDED SEPTEMBER 3, 1929.

BANKS, J., CIRCUIT JUDGE ROSS IN PLACE OF PERRY, C. J., DISQUALIFIED, AND CIRCUIT JUDGE DAVIS IN PLACE OF PARSONS, J., DISQUALIFIED.

OPINION OF THE COURT BY BANKS, J.

This is a statutory action brought by plaintiffs out of possession to quiet their alleged title to certain lands situate on the Island of Kauai. The defendants filed pleas in abatement. The ground upon which the abatement was asked was the pendency of a prior action in eject-, ment in the first circuit, between the same parties, involving the same lands. The pleas were sustained and the action was dismissed. The plaintiffs have brought the case here on exceptions. The first pleas in abatement that were filed were demurred to on the ground that they were lacking in certain averments that were thought by the plaintiffs to be essential to their sufficiency. Pending a ruling on the demurrer the defendants, against the plaintiffs' objection, filed amended pleas, thereby curing the defects (if such there were) in the original pleas. To the amended pleas the plaintiffs filed a replication. It is contended by the plaintiffs that it was error to allow the amended pleas to be filed. More specifically they contend that under the common law pleas in abatement must be perfect in the first instance and that if they are in any respect imperfect when filed the imperfection is incurable and they must be condemned. Assuming, but not deciding, this to be the common-law rule, it is sufficient answer to it in this jurisdiction to say that it has been changed by our statute on amendments. Section 2360, R. L. 1925, is as follows: "Whenever a plaintiff in an action shall have mistaken the form of action suited

to his claim, the court or judge, on motion, shall permit amendments to be made on such terms as it or he shall adjudge reasonable; and the court or judge may, in furtherance of justice and on the like terms, at the trial or on appeal, or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceeding to the facts proved."

It can hardly be denied that a plea in abatement is a pleading. Being such the statute authorizes its amendment by inserting allegations other than those which it already contains, provided they are material to the case. It was pointed out by the demurrer that the pleas were defective in that they did not allege (1) that "the cause of action in this suit is the same as the cause of action in the prior suit by the same parties now pending in the circuit court of the first circuit;" (2) that they did not "state that all of the relief obtainable in this present action can be obtained in the prior action now pending in the circuit court of the first circuit." The amended pleas contained the very averments which the plaintiffs contended were material. Under these circumstances the amended pleas were properly allowed.

Coming to the judgment of the lower court on the pleas as they were when amended, it is contended in the first place by the plaintiffs that the judgment was erroneous because there is one party defendant to the instant action that was not a party defendant to the ejectment action. This is true, the party in question being the Bishop Trust Company. The general rule is invoked that

a second action is not abated by the pendency of a former one unless the two actions are between the same parties. As we understand this rule, it does not require absolute identity of the parties, but substantial identity. There is substantial identity if there is among the parties to both suits one who is in such a relation of privity with someone who, though not made a party to the first suit, is entitled to the benefits of or bound by whatever judgment might be rendered in the first suit. In other words, judgments that inure to the benefit of or are binding on the parties to an action are equally binding on their privies, whether such privies are parties *in propria personae* or not.

"Where one claims in privity with another, whether by blood, estate, or law, he is in the same situation with such person as to any judgment for or against him; for judgments bind privies as well as parties." 1 Freeman on Judgments, §438, quoting *Woods* v. *Montevallo C. & T. Co.*, 84 Ala. 560, 5 A. S. R. 393, 3 So. 475. "The rule is well settled and elementary that a judgment is as conclusive on privies as on the parties themselves. The term 'privity' denotes mutual or successive relationship to the same rights of property. This relationship is produced either by operation of law, by descent, or by voluntary or involuntary transfers from one person to another." 1 Freeman on Judgments, *supra*.

The record in the instant case shows that in 1922, after the ejectment suit was brought, Mary N. Lucas, one of the parties defendant in the action, executed a mortgage to the Bishop Trust Company on her interest in the lands involved. The trust company, having acquired by the mortgage from Mrs. Lucas its interest in the lands subsequent to the institution of the ejectment suit, became her privy in estate and thus subject to the rule above announced. If the mortgage had been exe-

cuted prior to the commencement of the ejectment suit a different question might be presented. See 1 Freeman on Judgments, §440.

It is further contended by the plaintiffs that there are issues that are adjudicable in the action to quiet title that are not adjudicable in the action of ejectment and therefore the action to quiet title should not have been abated. It is conceded that this contention is not applicable to an 8/9 interest in the lands. The record shows that the claim to this 8/9 interest is predicated upon the performance by Frank C. Bertelmann of certain conditions contained in his father's will and it is admitted that without this performance neither Bertelmann nor his coplaintiff, McCandless, has any title to this fractional interest. It was so apparent that whether Bertelmann had performed this testamentary condition was litigable and adjudicable in the ejectment action that the plaintiffs' counsel frankly conceded at the hearing before this court that as to this 8/9 interest the cause of action in the ejectment suit and the cause of action in the instant suit are the same and the same relief obtainable. It is earnestly contended, however, that so far as the remaining 1/9 interest is concerned the situation is quite different.

We must keep in mind that in order to determine whether the court below committed error in sustaining the pleas in abatement we must consider the case as it was there presented. We, of course, know by our own records that the ejectment suit has been tried and fully and finally determined. (*Bertelmann* v. *Lucas,* 30 Haw. 500.) In the absence, however, of a motion to dismiss the instant appeal on the ground that the questions involved in it have been already adjudicated in the ejectment suit, and therefore cannot be relitigated, we do not feel at liberty to comment on what was decided in the ejectment suit. In this view of the situation let us consider what

was shown by the record before the lower court regarding this 1/9 interest. Plaintiffs' replication to the pleas in abatement shows (and it was admitted to be a fact by the defendants) that this 1/9 interest was devised to Frank C. Bertelmann by his father's will; that prior to the institution of the ejectment suit he mortgaged it to Mary N. Lucas; that the mortgage had not been foreclosed and that there was an unpaid balance due on it. The plaintiffs contend that these allegations present issues that were not within the jurisdiction of the court to determine in the action of ejectment but are within its jurisdiction to determine in the instant action to quiet title. Under the decisions of this court, beginning with *Un Wong* v. *Kan Chu*, 5 Haw. 225, and reaffirmed in many subsequent cases, the jurisdiction of our courts in actions of ejectment is quite broad—much broader than at common law. In these actions the court may adjudicate both title and the right to possession. It was therefore clearly within the jurisdiction of the court in the ejectment action to determine whether the plaintiffs had title to the 1/9 interest. It is equally clear that the court also had jurisdiction to determine whether, if the plaintiffs had title, they also had the right of possession. It is also equally clear that in the action to quiet title the court likewise had jurisdiction to adjudicate these same issues. In this respect the jurisdiction of the court would be the same in both actions. A final adjudication in either action would be a bar to the reopening and retrial of the questions involved and also of any issue of fact upon which they were properly determinable.

It is contended by the plaintiffs, however, that even so, in the action to quiet title the jurisdiction of the court is broader than the ejectment action in this, that in the former action, if it was determined that the plaintiffs had title to the 1/9 interest but because of some provision in

the mortgage to Mrs. Lucas possession could not be awarded unless the mortgage debt was paid, it would be within the power of the court to ascertain and adjudge the amount due under the mortgage and order the possession restored to Bertelmann upon condition that he pay this amount, whereas in the action of ejectment the court would have no such power. Under the decisions of this court declaring that statutory actions to quiet title are actions at law and not suits in equity we think this contention cannot be sustained. See *Flores* v. *Maka,* 11 Haw. 512; *Mercer* v. *Kirkpatrick,* 22 Haw. 644, 646.

This being a firmly established limitation upon the jurisdiction of courts in statutory actions to quiet title we know of no principle upon which they would have any larger measure of power in such actions to enter the kind of judgment suggested by plaintiffs than they would have in actions of ejectment, which are also actions at law. In neither case could the court render a conditional or an interlocutory judgment the finality of which depended upon the compliance with a condition imposed upon the plaintiffs. Only courts of equity have such power.

The exceptions, other than those presenting the questions above decided, have also received our careful consideration and we find them likewise without merit. The exceptions are therefore overruled.

*N. D. Godbold* and *B. S. Ulrich* (*Heen & Godbold* and *Ulrich & Hite* on the briefs) for plaintiffs.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for defendants Mary N. Lucas and Charles Lucas.

*E. A. Mott-Smith* (also on the brief) for defendants Janet M. Scott, Rubena F. Scott and Bishop Trust Co.

*H. L. Wrenn* (*Prosser, Anderson & Marx* on the briefs) for defendant Kilauea Sugar Plantation Co.