HATTIE KULAMANU WARD, LUCY KAIAKA WARD AND VICTORIA KATHLEEN WARD *v.* THE CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

No. 2002.

Argued February 24, 1931.          Decided February 27, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity in which the complainants pray for an injunction restraining the respondent from in any manner trespassing upon land described as "lots 'E,' 'F' and 'G,' of land court application No. 670," which are included in the land described in transfer certificate of title No. 7250 issued by the land court of this Territory. After trial, a decree was entered by the circuit judge refusing the relief prayed for and dismissing the bill. From that decree the case comes to this court by appeal.

Lot "E" was originally a part of a larger tract of land owned by Victoria Ward. It is now a part of what is known as Ward street, leading from King street in a southerly direction towards the ocean. The City and County of Honolulu was at the date of the commencement of the suit in possession of lot "E" as a public highway and it and its predecessor in interest, the Territory of Hawaii, have been in possession of it for a period of more than twenty years last past, using it at all times as a public highway. The claim now advanced by the complainants

is that lot "E" first came into the possession of the Territory under a conditional contract and that the Territory and the city and county did not comply with the terms of the contract and therefore did not acquire the title. On the other hand it is claimed by the respondent that the terms were complied with in part and waived in part and that in any event there has been a statutory dedication of the land for highway purposes. The merits of this controversy we need not consider. The respondent is in possession and the complainants are out of possession. Their purpose in securing the injunction is to eject the respondent from the land. This can be adequately accomplished in an action of ejectment. No equitable features are presented in the petition. Irreparable damage is not alleged, as to this lot. Jurisdiction in equity is therefore not maintainable.

The further claim is made that certificate No. 7250, issued by the land court prior to the verdict in the condemnation case, is an adjudication to the effect that the city and county has no title to lot "E" as a highway. We do not so understand it. The certificate is silent on the subject of roadways, but under section 3229, R. L. 1925, a successful applicant in whose favor a certificate of title is issued holds it subject to the possible encumbrance of "any highway * * * laid out under the provisions of law, when the certificate of title does not state that the boundary of such way has been determined," as this certificate does not. In other words, if there is a highway running over registered land, the existence of the highway may be proven, even though it is not noted in the certificate as an encumbrance, when as in this case there has been no express adjudication on the subject. In any event, if the certificate of title can be properly construed as claimed by the present complainants that claim will be equally available to them in an action of ejectment.

The same is true in substance of lot "F." That lot is now a part of the recently constructed Kapiolani boulevard and is in the possession of the respondent. It was awarded to the city and county in condemnation proceedings brought against Victoria Ward, the grantor of the three complainants. As held in the land court case entitled "In re Application No. 670 of Victoria Ward to Register Title to Land," *ante* p. 781, the present complainants who received a deed of certain interests from Victoria Ward during the pendency of the action for condemnation of lot "F" and other lands are bound by the results of that action. No irreparable damage or other equitable features are alleged.

Lot "G" likewise is one of the pieces of land condemned in the action brought against Victoria Ward. As held in the land court case above referred to, *ante* p. 781, the present complainants are bound by the judgment rendered in the action for condemnation. The alleged irreparable damage is that the construction of the road over lot "G" caused an overflow of water upon other lands of the complainants (acquired from their mother and not condemned) and the destruction of trees which had been planted and cared for by the complainants and their mother. The respondent denies that the injuries complained of were caused by the construction of the roadway and contends that they were temporary in their nature and were the result of the acts of a dredging company which was making a fill of marshy lands either in lot "G" or elsewhere in the vicinity. Section 821, R. L. 1925, of the chapter on eminent domain, provides that "if the property sought to be condemned constitutes only a portion of a larger tract, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvements in the manner

proposed by the plaintiff shall also be assessed." If the overflowing of the uncondemned land of the complainants was caused by the acts of the dredging company or even if those acts were attributable to the respondent, damages therefor could be recovered in an action at law or, conceivably (but we do not so decide), it might, with equitable circumstances, justify an injunction to restrain the nuisance; but certainly would not justify the relief prayed for in this suit which is that the respondent be restrained from "trespassing" upon lot "G,"—the equivalent in effect of a writ of possession. On the other hand, if the injuries complained of resulted from the construction of the road on lot "G," the claim for damages in that respect should have been presented, under the statutory provision just quoted, in the action for condemnation. If through neglect or for any other reason the owners of the land failed to include that element of damages in their claims for compensation when the action for condemnation was being tried before the jury, the defect cannot be remedied in a new proceeding, whether at law or in equity. The owners have had their day in court. There must be an end to litigation.

The decree appealed from is affirmed.

*C. B. Dwight* (also on the briefs) for petitioners.

*L. P. Scott,* Deputy City and County Attorney (also on the brief), for respondent.