**In re WARD.**

**WARD et al. v. CITY AND COUNTY OF HONOLULU.**

**Nos. 6545, 6546.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 28, 1932.

Charles B. Dwight, of Honolulu, Hawaii, for appellants.

James F. Gilliland, City and County Atty., and Leslie P. Scott, Deputy City and County Atty., both of Honolulu, Hawaii, for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

SAWTELLE, Circuit Judge.

These proceedings have come to this court upon appeals from the judgments of the Supreme Court of the territory of Hawaii, made and entered on March 2, 1931. As the issues involved in both causes are similar, by stipulation approved by this court the causes were consolidated for briefing and argument.

Cause No. 6545 was instituted in the Land Court of Hawaii, by a petition of the city and county of Honolulu, praying for the issuance to it of a certificate of title covering lots F and G of Land Court application No. 670. That cause will hereinafter be referred to as the Land Court proceeding.

The petition alleged that on March 19, 1928, the city and county of Honolulu instituted a suit in eminent domain in the Circuit Court of the First Judicial Circuit of Hawaii, against Victoria Ward, to condemn the parcels above named. That suit will hereinafter be referred to as the eminent domain proceeding.

The petition further alleged that summons in the eminent domain proceeding was issued on March 19, 1928, that service was made on the following day, and that on July 18, 1928, during the pendency of the eminent domain proceeding, Victoria Ward, the defendant therein, executed a deed conveying parcels F and G and other lands to her daughters, the three appellants herein, as joint tenants with herself, and that pursuant thereto transfer of title No. 7250 was issued out of the Land Court to the said three appellants.

It was also alleged in the petition that judgment in the eminent domain proceeding was entered on October 23, 1928, and that the final order of condemnation was entered on January 7, 1930, which order was recorded in the office of the registrar of conveyances. An order to show cause was issued upon the petition, addressed to Victoria Ward and her three daughters.

Victoria Ward filed a separate answer and return, and the cause was dismissed as to her. The three appellants herein filed their answer and return, and admitted the petition's allegations regarding the proceedings in the eminent domain suit, as above set forth.

The appellants' answer, however, denied that they were present during all of the trial, and averred that they were the owners, as joint tenants with Victoria Ward of lots F and G of Land Court application No. 670, and were such owners at the time of the trial of the condemnation suit; that they were not joined as defendants; that no summons was served upon them in the eminent domain proceedings; that no compensation was offered or paid to them by the city and county of Honolulu, or the territory of Hawaii. It was stipulated by counsel that the appellants had actual notice in the eminent domain proceedings.

The facts having been admitted by the pleadings, after hearing argument, the Land Court granted the prayer of the petition, and the territorial Supreme Court affirmed the decree. In re Kewalo (In re Ward), 31 Hawaii, 781.

In the Land Court's decree, it was set forth that the appellants were the attorneys in fact of Victoria Ward at the time of the fil-

ing of the condemnation suit, were at various times present at and participated in the trial of that suit, and "had full, complete and actual notice of" its pendency.

In cause No. 6546, the appellants herein filed their bill in equity in the Circuit Court of the First Judicial Circuit of Hawaii praying for an injunction to restrain the city and county of Honolulu, its officers, agents and servants, from trespassing upon lots E, F, and G, and committing irreparable injury to the petitioners' homestead. A temporary restraining order was issued, but was vacated by consent on the following day. On February 6, 1931, there was entered a decree dismissing the bill for injunction. The cause was appealed to the territorial Supreme Court, and thence to this court. The opinion of the territorial Supreme Court affirming the Circuit Court's decree is to be found under the style of Ward v. City and County of Honolulu, etc., 31 Hawaii, 787.

The appellants' bill in cause No. 6546 alleged that the lots there in question constituted the appellants' family homestead, which had been maintained for more than fifty years; that the grounds of the homestead were planted to valuable trees; that the three lots constitute the proposed right of way for the Kapiolani boulevard, a proposed public highway of the city and county of Honolulu; and that the proposed right of way constituted a strip across the homestead, dividing it into two parts.

The bill further alleged, among other things, that the city and county threatened to fill in the right of way to a grade considerably higher than the remaining portion of the homestead lying in the direction toward the mountains and away from the sea; that, if the respondent had carried out its threat to enter upon the strip, the petitioners would suffer irreparable injury, in that, by filling in the proposed strip, the natural flow of surface waters, off of the homestead, would be obstructed and the flood waters would back up over and upon the homestead, killing or injuring the plants and trees; and that the stoppage of the flow of surface waters would make the premises unsanitary.

The petition further alleged that no compensation had been paid to the petitioners by the city and county for lots E, F, and G.

In the eminent domain proceedings numbered "Law No. 11946, Circuit Court of the First Judicial Circuit of the Territory of Hawaii, January Term, 1928," the judgment shows that the value of lots F and G was fixed at a total of $12,642.50 and $24,279.50,

respectively, that the damage by reason of the construction of the public highway and the severance of the remaining portions of the property was set at $1,508, and that the fair market value of improvements on the property was $284; so that the total was found to be, in the final order of condemnation, the sum of $38,714, with interest of $3,222.20, making a grand total of $41,936.20, paid to Victoria Ward, through her attorney, A. Lewis, Jr. The judgment of condemnation was affirmed by the Supreme Court of Hawaii. City and County of Honolulu v. Victoria Ward, 31 Hawaii, 184.

In the equity suit, numbered equity 3121, being the suit against the city and county of Honolulu, Victoria Kathleen Ward testified in connection with a conveyance of the lots in question from her mother to herself and her two sisters. In answer to a question propounded by the court, the witness said:

"Yes, the suit against my mother was engineered by the attorney, and we were fighting her case in her name alone."

In answer to another question by the court, the same witness said that she knew through her mother's attorney that the mother was proceeding to fight the condemnation suit, that she was present at the trial of the issues and when the jury brought in its verdict, and that she "was quite content to have the matter fought out" on her mother's title.

Lucy Kaiaka Ward, another daughter, testified that she received no compensation in the condemnation suit; that she knew when the summons in that suit was served; that she was at that time her mother's attorney in fact; that she attended the trial of that suit on two occasions; that she did not make any effort to intervene in that suit on her own behalf; and that at the time the property was deeded to her, in July, 1928, she knew that the suit was pending.

On the question of the condition of the road and the use of it by the city and county of Honolulu, there is to be found the testimony of Lou M. Whitehouse, who had at various times been city and county engineer at Honolulu. Whitehouse testified that Ward avenue (lot E) in April, 1912, "was a right-of-way containing a meandering road, passageway for vehicles, open to the public, and they were using it all the time, but it was not paved," etc.

Daniel F. Balch, former engineer of the bureau of plans, surveys, and improvements, testified that he knew the conditions under which Mrs. Ward agreed to deed lot E to the territory of Hawaii for public road purpos-

es, and "would say" that all of those conditions have been fulfilled. He also testified that G, one of the lots secured in the condemnation suit, had been in the possession of the city and county for about three years, and that, in his opinion, no damage would be suffered by the Ward property as a result of the construction of the projected boulevard.

As to lot F, both Whitehouse and Balch testified that was "a completely paved street" or "a thoroughly improved Class A street."

Though six assignments of error are presented in each of the two appeals, it is conceded by the appellants that the assignments in both causes "raise but one main issue." That main issue is stated by the appellants to be "whether the City and County of Honolulu, under the power of eminent domain, can take private property for public use without first paying just compensation therefor, to the owner at the time of taking."

■ Both by general law and under the decisions of the Supreme Court of Hawaii, the grantee receiving land during condemnation proceedings, takes it subject to the burden that may be imposed upon the land as a result of the suit in eminent domain.

In Lewis on Eminent Domain, vol. II, § 537, pp. 965, 966, we find the following statement of the general principle:

"Where the owner conveys, pending proceedings, the grantee takes subject to the proceedings, but may, by a proper application, be substituted as a party in place of the grantor."

Again, in section 871 of the same volume, at page 1519, the following language is used:

"If the owner of property taken or affected by a condemnation proceeding accepts the damages which have been awarded him in the proceeding, this will operate as a waiver of all defects and irregularities in the proceedings and both he and those claiming under him will be forever estopped from alleging anything against the validity of the proceedings."

See, also, 20 C. J. §§ 450, 451, pp. 1065–1071.

As was said by the Supreme Court of Hawaii in Watson et al. v. Watson, 9 Haw. 389, 391, "A purchaser pendente lite is bound by the result of the suit." In Bertelmann et al. v. Lucas et al., 31 Haw. 71, 74 (1929), the same tribunal held:

"There is substantial identity if there is among the parties to both suits one who is in such a relation of privity with someone who, though not made a party to the first suit, is entitled to the benefits of or bound by whatever judgment might be rendered in the first suit. In other words, judgments that inure to the benefit of or are binding on the parties to an action are equally binding on their privies, whether such privies are parties in propria personæ or not."

The same doctrine has been sustained in numerous other jurisdictions. In Drinkhouse v. Spring Valley Water-Works, 87 Cal. 253, 255, 256, 25 P. 420, the court said:

"He [the plaintiff] admits that when he entered into the written lease he knew that a suit was pending in which the water company was seeking to condemn the land. His verbal lease for one year was canceled six weeks before the condemnation suit was commenced. He knew that such a suit was pending,—was in fact an active participant on behalf of his parents against the claim of the company.

"Under section 1246, Code Civil Proc., the plaintiff herein was authorized, though not named as a party to the condemnation proceedings, to appear, plead, and defend his interest as a lessee, if any such he held, 'in like manner as if named in the complaint,' and, having failed to do so, although he had notice of the proceeding,—assuming that he was a lessee in good faith, which the court evidently did not believe,—he is now estopped by the judgment in that proceeding from claiming anything by virtue of his written lease entered into subsequent to the filing of the lis pendens. [Several authorities cited.]"

Similarly, the Supreme Court of Michigan, in the case of Board of Education of City of Holland v. Van Der Veen et al., 169 Mich. 470, 135 N. W. 241, 242, declared:

"The statute requires that notice must be given to owners or occupants. At the time the petition was filed, Engbertus Van Der Veen was the sole owner, and the proceedings as to him were regular. John A. Van Der Veen having acquired his interest after the filing of the petition, it was unnecessary to treat with him or make him a party to the proceedings. [Many cases cited.]"

■■ Aside from the contention that they are not bound by the judgment in the eminent domain proceeding, the appellants insist that "the final order of condemnation was void * * * as to them and was ineffectual to divest them of their fee simple title because of the failure of the City and County of Honolulu to pay to them the compensation fixed by the judgment for their interest in the land."

We cannot agree with this contention. From the statement of undisputed facts, which we have set forth above, it is clear that the appellants had notice of the condemnation proceeding; that they aided their mother in resisting it; that they were her attorneys in fact; and that they failed to exercise their right of intervention in the eminent domain proceeding. In this connection, we advert to the following provision in the Revised Laws of Hawaii, 1925:

"Sec. 819. *Intervenors.* Any person in occupation of or having any claim or interest in any property sought to be condemned or in the damages for the taking thereof though not named in the complaint, may appear, plead, and defend in respect to his own property or interest, in like manner as if named in the complaint."

Finally, there is to be noted another provision in the same compilation, which indicates the point of reference that the Legislature of Hawaii had in mind for the determination of the right to damages and compensation:

"Sec. 822. *Assessed as of day of summons.* For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of summons, and its actual value at that date shall be the measure of valuation of all property to be condemned, and the basis of damage to property by reason of its severance from the portion not sought to be condemned, subject, however, to the provisions of section 821.

"No improvement put on the property subsequent to the date of the service of the summons shall be included in the assessment of compensation or damages."

Thus it will be seen that, in the minds of the legislators, the date of the summons and not the date of judgment is determinative of "the right" to compensation. If this is true as to *amount*, it does not require a straining of logic to infer that the same principle would be applicable to the person *to whom* the compensation is to be paid.

The decisions cited by the appellants on this point are not, in our opinion, applicable to the facts at bar.

In view of the facts and the law of the present case, we believe that there are ample grounds for the statement of the Supreme Court of Hawaii, in In re Kewalo (In re Ward), supra, at page 785 of 31 Haw.:

"There has been no taking without due process of law or without just compensation. The person, Victoria Ward, who was the sole owner of the land at the time the action was instituted, was duly summoned, was given notice and an opportunity to be heard and made vigorous contest at the trial. The hearing and the determination was by a jury, the tribunal authorized by law to hear and determine cases of that nature. The three daughters had ample notice, both constructive and actual, of the institution of the suit, even before the filing of any answer. The statute expressly gave them an opportunity to appear in the action and to present their claims. Of this opportunity they did not care to avail themselves. Compensation was awarded and paid to the owner of the land,—compensation admeasured by the jury after a complete and adequate trial. That the compensation was paid wholly to the mother and not partly to the daughters must be deemed to be due entirely to the failure of the daughters to appear and to present their claims when they had the opportunity to do so. As to the daughters, and the mother as well, the constitutional provisions invoked have not been violated."

Adverting to the suit in equity brought by these appellants, we are likewise of the opinion that it presents no grounds for relief. In their bill, the appellants claim title to lots E, F, and G, and pray that the city and county of Honolulu and its officers be restrained "from in any manner committing trespass upon the said Lots * * * and committing irreparable injury to the homestead of your petitioners." But, as to lots F and G, title has already been adjudicated, and, as we have seen, properly, to the city and county of Honolulu; and therefore the city and county cannot be said to be "trespassing" upon its own land. The question of damage to the contiguous property of the appellants presumably must have been considered by the judge and jury in that case, for the judgment recites:

"That damages suffered to the remaining portion of defendant's lands by reason of the severance therefrom of said Parcel 19 and Parcel 21, and by reason of the manner of construction of the proposed highway, were, as returned in the verdict of the jury herein, in the sum of Fifteen Hundred Eight Dollars ($1508.00)."

No appeal was taken to this court from the judgment of the territorial Supreme Court affirming the judgment of the Circuit Court. The facts found in the latter judgment cannot be reopened here.

As to lot E, the purpose of the appellants, to eject the city and county's officers

from the land, can be adequately accomplished, as pointed out by the Supreme Court in its affirmance of the judgment in the equity case, supra (Ward v. City and County of Honolulu), at page 789 of 31 Haw., "in an action of ejectment." There being an adequate remedy at law, jurisdiction in equity is not maintainable.

Accordingly, we hold that the judgments in both cases should be affirmed.

Judgments affirmed.